

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VILMA SANDOVAL,                      §
                                     §
         Plaintiff,                  §
                                     §
VS.                                  §   NO. 4:14-CV-679-A
                                     §
TARGET CORPORATION D/B/A             §
TARGET STORE #876 AND/OR D/B/A       §
GRAPEVINE TARGET,                    §
                                     §
         Defendant.                  §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Target
Corporation, for summary judgment. The court, having considered
the motion, the response, the summary judgment record, and
applicable authorities, finds that the motion should be granted.

I.

## Background

According to plaintiff's first amended complaint, as
supplemented by the summary judgment record, on July 14, 2012,
plaintiff, Vilma Sandoval, went to a Target store in Grapevine,
Texas, to purchase a zipper. She arrived at approximately 8:20-
8:30 a.m. As she was walking past the Starbucks at the store's
entry, near a display of $1 items for sale, she fell, injuring
herself.

II.

## Ground of the Motion

Defendant urges a single ground in support of its motion: plaintiff cannot show that defendant had actual or constructive notice of a condition posing an unreasonable risk to its invitees prior to plaintiff's accident.

III.

## Applicable Summary Judgment Standards

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates

2

a genuine dispute as to each of the challenged elements of its

case.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party

asserting that a fact . . . is genuinely disputed must support

the assertion by . . . citing to particular parts of materials in

the record . . . ."). If the evidence identified could not lead

a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there

is no genuine dispute for trial and summary judgment is

appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 587, 597 (1986).  In Mississippi Prot. & Advocacy

Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could not,
> as a whole, lead a rational trier of fact to find for
> the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is

the same as the standard for rendering judgment as a matter of

law.[1]  Celotex Corp., 477 U.S. at 323.  If the record taken as a

whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial.

---

[1]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

*Matsushita*, 475 U.S. at 597; see also Mississippi Prot. &

Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

This is a diversity case in which Texas law applies. Cleere

Drilling Co. v. Dominion Exploration & Prod., Inc., 351 F.3d 642,

646 (5th Cir. 2003). In Texas, an owner/occupier owes a duty to

use reasonable care to make and keep its premises safe for

business invitees. Clayton Williams, Jr., Inc. v. Olivo, 952

S.W.2d 523, 527 (Tex. 1997). The elements of a cause of action

for premises liability are: (1) existence of a condition of the

premises creating an unreasonable risk of harm; (2) the

owner/occupier knew or should have known of the existence of the

condition; (3) the owner/occupier failed to use reasonable care

to reduce or eliminate the risk by rectifying or warning of the

condition; and (4) such failure was a proximate cause of

plaintiff's injury. CMG Homes, Inc. v. Daenen, 15 S.W.3d 97, 99

(Tex. 2000); Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex.

1992). An owner/occupier is not an insurer of the safety of its

guests; it is not liable to invitees for conditions of which it

did not have actual or constructive knowledge. Wal-Mart Stores,

Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).

To prevail on the notice element of her claim, plaintiff must show that :(1) defendant actually created the condition; (2) defendant actually knew that the condition existed; or (3) it is more likely than not that the condition existed long enough to give defendant reasonable notice of it. Reece, 81 S.W.3d at 814. Further, the proximity of an employee to the location where the incident occurred merely indicates that it was possible for the owner/occupier to discover the condition, not that it reasonably should have discovered the condition. There must be temporal evidence of the amount of time that the condition had existed. Id. at 816-17.

Here, as defendant points out, plaintiff cannot, and has not, produced any evidence to show that defendant knew or should have known of an unreasonably dangerous condition. Instead, the evidence produced by plaintiff herself establishes that she cannot prevail on her claim. For example, the guest incident report, pl. app. at 17, shows that the cause of the incident was a slippery floor, but that plaintiff's clothes were not wet or damaged and the floor/ground was clean and dry. Further, the statement of the Starbucks employee nearby shows that he thought plaintiff might have tripped on her shoe, because it looked "like her shoe had fallen." Plaintiff was wearing platform sandals. Id. at 27. Plaintiff's clothes were not wet. Id. The cashier who was

working nearby had been through the area before the incident and noted that the floor had been cleaned but did not seem to be wet. Id. at 18.

There is simply insufficient evidence to raise a genuine issue of material fact as to an essential element of plaintiff's claim.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and, that such claims be, and are hereby, dismissed with prejudice.

SIGNED May 1, 2015.

_____
JOHN McBRYDE
United States District Judge

6